Sylvester WEAVER et al., Plaintiffs-Appellants,

v.

BOARD OF PUBLIC INSTRUCTION OF BREVARD COUNTY, FLORIDA, Defendant-Appellee.

No. 71–3465.

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1972.

Jerome J. Bornstein, Orlando, Fla., Drew S. Days, III, Jack Greenberg, Norman J. Chachkin, New York City, for plaintiffs-appellants.

William C. Walker, Jr., Titusville, Fla., James H. Nance, Eau Gallie, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The appellee School Board operates 67 schools in a system 90% white—10% black. Following a hearing conducted in August 1971 the District Court found the system to be unitary except for one school, Poinsett Elementary, located in the urban area of Cocoa, Florida. According to June, 1971 figures Poinsett was 96.97% black. The District Court required the Board to submit by September 15, 1971 a plan for the desegregation of Poinsett. The Board responded with a proposal to discontinue the use of the school as a regular elementary facility and to convert it to a special education center no later than January 26, 1972, housing a county-wide kindergarten program and a model demonstration school, to be attended on a rotating basis by students from throughout the county. Substantial bus transportation would be required, some of it over considerable distances. Pupils previously assigned to

Poinsett would be assigned to these six predominantly white elementary schools.

| School | Approx. distance from Poinsett |
|---|---|
| Golfview | 1.2 miles |
| Cambridge | 2.2 " |
| Mila | 3.0 " |
| Anderson | 3.5 " |
| Tropical | 4.2 " |
| Audubon | 5.6 " |

A hearing was conducted on the Board plan on October 14, but on October 22 the Board asked for a delay and an opportunity to present an alternate plan. The alternate, presented October 29, consisted solely of majority-to-minority transfer from Poinsett to any of the above six predominantly white schools, with guaranteed space available and bus transportation for students living more than two miles from Poinsett. The court approved this alternate, with minor modifications, on November 11. Plaintiffs appealed.

At the direction of this court the Board has filed supplemental data, as of March 1972, revealing that 100 black pupils from Poinsett availed themselves of majority-to-minority transfers. Nevertheless the racial composition of Poinsett as of March, 1972 remained 97% black—648 black pupils and 22 white. The Board also reported that it proposed to continue the same use of the Poinsett school in 1972–73, and estimated that the racial composition would be 670 black, 20 white, or still 97% black.

It is obvious that this arrangement for Poinsett does not meet standards for school desegregation. This one school, substantially all-black and continuing to be such, is in close proximity to predominantly white elementary schools, the same schools to which the Board, in its original plan of closing Poinsett, proposed that *all* Poinsett students be transferred, with transportation furnished beyond two miles.

Majority-to-minority transfer is a valuable tool for school desegregation, ordinarily employed in conjunction with other means. In this instance, with other means available whose legal validity is not subject to serious question, the employment of majority-to-minority transfer as the sole means of desegregating Poinsett, will not stand scrutiny.

In United States v. Texas Education Agency, 467 F.2d 848 (5th Cir. 1972) (en banc), seven of fourteen participating members of this court joined in the view (p. 890) that pending further Supreme Court action "we should hold in abeyance all those pupil assignment cases which cannot be solved by well recognized tools whose validity is beyond question, such as pairing contiguous schools, majority to minority transfers, and minimal additional transportation of students." This is not such a case. The contiguous elementary schools are predominantly white and are not far distant, presenting the traditional context in which pairing is employed.

The case must be reversed and remanded to the District Court for further proceedings consistent with the remedy directed in Cisneros v. Corpus Christi Independent School District, 467 F.2d 142 (5th Cir. 1972) (en banc).

Reversed and remanded.